UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
...................................................................x
MARYANN O'DONNELL,                                     CV 12 - 3738

                Plaintiff,                       **AMENDED COMPLAINT**

       -against-                                  JURY TRIAL REQUESTED

LONG ISLAND JEWISH MEDICAL CENTER and
NORTH SHORE - LONG ISLAND JEWISH HEALTH
SYSTEM, INC.,

                Defendants.
...................................................................x

      Plaintiff, MARYANN O'DONNELL, by her attorneys, ROTHSTEIN LAW PLLC, complaining of the defendants, respectfully shows to the Court and alleges as follows:

### PRELIMINARY STATEMENT

      1.    This is an action for monetary damages against LONG ISLAND JEWISH MEDICAL CENTER and NORTH SHORE - LONG ISLAND JEWISH HEALTH SYSTEM, INC., for violating plaintiff's rights of sepulcher.

      2.    Under New York law, it is well established that the common-law right of sepulcher gives the next of kin the absolute right to the immediate possession of a decedent's body for preservation and burial, and that damages will be awarded against any person who unlawfully interferes with that right or improperly deals with the decedent's body.

### JURISDICTION AND VENUE

      3.    Jurisdiction is proper pursuant to 28 U.S.C. §§ 1332(a)(1). Plaintiff is a citizen of the State of Virginia and defendants are corporations incorporated in the State of New York and

-2-

the matter in controversy exceeds the sum of seventy-five thousand ($75,000.00) dollars, exclusive of interest and costs.

4.     Venue is laid within the United States District Court for the Eastern District of New York in that defendants maintain their principal place of business within the boundaries of the Eastern District of New York.

## THE PARTIES

5.     Plaintiff, MARYANN O'DONNELL, is a resident of the State of Virginia and resides at 14709 Beaumeadow Court, Centreville, Virginia 20120.

6.     Plaintiff, MARYANN O'DONNELL, is the sister of George Cardel, who died on or about December 29, 2011, at defendant, LONG ISLAND JEWISH MEDICAL CENTER.

7.     Defendant, LONG ISLAND JEWISH MEDICAL CENTER, is a domestic not-for-profit corporation duly organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 270-05 76th Avenue, New Hyde Park, NY 11040.

8.     Defendant, LONG ISLAND JEWISH MEDICAL CENTER, is a hospital or medical center located at 270-05 76th Avenue, New Hyde Park, NY 11040.

9.     Defendant, NORTH SHORE - LONG ISLAND JEWISH HEALTH SYSTEM, INC., is a domestic not-for-profit corporation duly organized and existing pursuant to the laws of the State of New York, with its principal place of business located at 145 Community Drive, Great Neck, New York 11021.

10. At all times relevant herein, defendant, NORTH SHORE - LONG ISLAND JEWISH HEALTH SYSTEM, INC., owns and operates defendant, LONG ISLAND JEWISH MEDICAL CENTER.

## FACTS[1]

11. Upon information and belief, defendants, LONG ISLAND JEWISH MEDICAL CENTER and NORTH SHORE - LONG ISLAND JEWISH HEALTH SYSTEM, INC., are entities existing or licensed to do business under the laws of the State of New York, engaged in the dispensing of medical care to patients of the general public and in the event of death of a patient, certifying a death certificate and storing the remains of the patient for their next of kin until such time as the remains may be removed for burial or other lawful disposition.

12. Upon information and belief, at all times hereinafter mentioned, the defendants, were, and remain, licensed by the Health Department of the State of New York and/or the Department of Education of the State of New York to practice as a medical center and dispense medical care to the general public via their agents, servants, employees, and currently engage in the practice of performing services as a medical center and dispense medical care to the general public via their agents, servants, and employees.

13. Upon information and belief, the defendants, their agents, servants, and employees are tasked to perform medical services for the benefit general public and to maintain

---

[1] This complaint sets forth facts sufficient for pleading purposes only; this complaint does not set forth all of the facts and information known to plaintiff.

the remains of members of the general public in the event of their death until such time as said remains are removed for burial or other lawful disposition.

14. On or about December 29, 2011, at defendant, LONG ISLAND JEWISH MEDICAL CENTER, George Cardel died at the defendants' place of business, in their sole care, custody, and control, within the State of New York.

15. Pursuant to his prior instructions, at the time of his death, the remains of George Cardel were to be donated for medical science/research.

16. Defendants told plaintiff, and her family, that the remains of her brother would be immediately turned over to Hofstra University for medical science.

17. Upon information and belief, Hofstra University declined to accept the remains of George Cardel.

18. Defendants failed to immediately notify plaintiff, or her family, that Hofstra University declined to accept the remains of George Cardel.

19. Approximately 12 days after the death, defendants finally advised plaintiff, and/or her family, that the remains of George Cardel could not be donated for medical research and that the family would have to take charge of the remains.

20. Defendants denied plaintiff, and her family, their right to the immediate possession of the remains and caused plaintiff to re-live her brother's death and emotional distress.

21. Defendants, their agents, servants, and employees, in rendering such services and treatment, owed plaintiff the duty to use the degree of care, skill and diligence used by medical

personnel as generally recognized in the community, and as required under their professional licenses as mandated by the State and otherwise under the laws of the State of New York.

## AS FOR A FIRST CAUSE OF ACTION

22. Plaintiff restates and reiterate paragraphs entitled 1 through 21 as if fully set forth herein.

23. As a result of the foregoing, defendants violated plaintiff's right of sepulcher regarding the body of her beloved brother George Cardel.

24. As a result of the malpractice and the negligent acts or failure to act as described hereinbefore, plaintiff has suffered serious physical and emotional pain and suffering, grave humiliation, embarrassment and much inconvenience.

25. The negligent acts or failure to act as the proximate cause of the plaintiff's aforesaid described injuries and damages, and the harm caused to them were reasonably foreseeable based upon the negligent acts or failure to act by the defendants, their agents, servants, and employees alleged herein.

26. The injuries and damages sustained by the plaintiff were solely the result of the malpractice and the negligence of the defendants, their agents, servants, and employees, and plaintiff in no way contributed thereto.

27. In consideration of the aforementioned, defendants, their agents, servants, and employees conduct was egregious and shocks the consciousness as to warrant the awarding of punitive damages to the plaintiff.

## AS FOR A SECOND CAUSE OF ACTION

28. Plaintiff restates and reiterate paragraphs entitled 1 through 27 as if fully set forth herein.

29. As a result of the foregoing, defendant violated plaintiff's right of sepulcher regarding the body of her beloved brother George Cardel.

30. As a result of the intentional acts, malpractice, and the negligent acts or failure to act as described hereinbefore, plaintiff suffered serious physical and emotional pain and suffering, grave humiliation, embarrassment and much inconvenience.

31. The intentional acts, negligent acts, or failure to act as the proximate cause of the plaintiff's aforesaid described injuries and damages, and the harm caused to her was reasonably foreseeable based upon the negligent acts or failure to act by the defendants, their agents, servants, and employees alleged herein.

32. The injuries and damages sustained by the plaintiffs were solely the result of the intentional acts, malpractice, and the negligence of the defendants, their agents, servants, and employees, and plaintiffs in no way contributed thereto.

33. In consideration of the aforementioned, defendants, their agents, servants, and employees conduct was egregious and shocks the consciousness as to warrant the awarding of punitive damages to the plaintiff.

## CLAIM FOR RELIEF

WHEREFORE, plaintiff requests the following relief:

A. Compensatory damages in the amount of $1,000,000.00 (one million dollars) on each cause of action;

B. Punitive damages in the amount of $1,000,000 (one millions dollars);

C. Reasonable attorneys fees and costs; and

D. Such other and further relief as appears reasonable and just.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
August 1, 2012

_____
Eric E. Rothstein
Attorney for Plaintiff
Rothstein Law PLLC
11 Park Place Suite 1801
New York, New York 10007
(212) 385-8015

Index No.:

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

MARYANN O'DONNELL,

                                  Plaintiff,

-against-

LONG ISLAND JEWISH MEDICAL CENTER and
NORTH SHORE - LONG ISLAND JEWISH HEALTH SYSTEM, INC.

                                  Defendant.

---

## AMENDED COMPLAINT

---

**ROTHSTEIN LAW PLLC**
Attorney for **Plaintiff**
11 Park Place, Suite 1801
New York, New York 10007
212-385-8015

---

CERTIFICATION BY ATTORNEY:

The undersigned, an attorney duly admitted to practice in the Courts of the State of New York, shows:

I certify that, to the best of my knowledge, information and belief formed after an inquiry reasonable under the circumstance, the presentation of the paper(s) listed above or contention(s) herein are not frivolous as defined in §130-1.1(c).

                                  _____
                                      Eric E. Rothstein